# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued February 4, 2010         Decided March 26, 2010

No. 09-7045

JOHN DOUGLAS BURNS,
APPELLANT

v.

GEORGE BASILIKAS TRUST,
APPELLEE

———

Consolidated with 09-7078

———

Appeals from the United States District Court
for the District of Columbia
(No. 1:07-bk-00235)

———

*John D. Burns*, appearing pro se, argued the cause and filed the briefs for appellant.

Before: ROGERS and TATEL, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* WILLIAMS.

WILLIAMS, *Senior Circuit Judge*: The bankruptcy court imposed sanctions on John Burns, counsel for a debtor, for violation of Rule 9011(b)(2) of the Federal Rules of Bankruptcy Procedure, and the district court affirmed. Burns appeals. Because the sanctions were based on an erroneous reading of law, we reverse.

Filing a voluntary Chapter 13 petition, Frances Haylock invoked 11 U.S.C. § 109(h)(3) as the basis for exemption from § 109(h)(1)'s credit counseling requirement. Section 109(h)(1) provides that:

> Subject to paragraphs (2) and (3) . . . an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) . . . [a] briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

*Id.*[1] Section 109(h)(3) allows a debtor to delay receiving counseling until after the petition so long as "the debtor submits to the court a certification" that:

---

[1] 11 U.S.C. § 111 requires the U.S. trustee (or bankruptcy administrator) to maintain a publicly available list of agencies providing one or more of the services described in § 109(h) "currently approved by the United States trustee (or the bankruptcy administrator, if any)," and specifies the process and criteria used to revise the list.

(i) describes exigent circumstances that merit a waiver of the requirements of [§ 109(h)(1)];

(ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in [§ 109(h)(1)] during the 5-day period beginning on the date on which the debtor made that request; and

(iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3).

Haylock had contacted Burns's law firm on the morning of a scheduled foreclosure. She was elderly, unsophisticated, and apparently without a place to stay in the event of foreclosure. Burns interviewed Haylock and assisted in the bankruptcy filing, which was made in time to stay foreclosure. During the pre-filing interview, she explained that she had attempted to receive credit counseling at her church and online. But Burns did not establish whether any agency that Haylock reached had been approved.

Exhibit D of the form bankruptcy petition that the federal courts make available to prospective filers,[2] the "Individual Debtor's Statement of Compliance with Credit Counseling Requirement," contains various preprinted statements. The first two deal with a debtor who has received the sort of counseling required by § 109(h)(1). The third, which Haylock checked, is for debtors relying on § 109(h)(3)'s provision for waiver; it provides:

---

[2] See Official Bankruptcy Form B1D (Oct. 06) available at http:// www.uscourts.gov/rules/BK_Forms_1207/B_001D_1006f.pdf.

> I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

Next to this preprinted statement is a request that the debtor "summarize [the] exigent circumstances." In the space provided, Haylock's petition said: "Debtor was unable to obtain credit counseling prior to scheduled foreclosure."

Twelve days after the filing, the Chapter 13 trustee moved to dismiss the case for failure to qualify under § 109(h); George Basilikas Trust, a secured creditor with a lien on Haylock's home, joined the motion. The next day Haylock filed a response saying she would not oppose the trustee's motion, possibly because refinancing had become available in the form of a reverse mortgage. Attached to her response was an affidavit saying that she was "not able to provide proof of my efforts to obtain credit counseling prior to the foreclosure date." The Trust then filed a motion seeking sanctions against Haylock and her counsel for violation of Rule 9011(b), which provides in relevant part:

> By presenting to the court . . . a petition, pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,— . . .
>
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . . .

*Id*.

The bankruptcy court dismissed Haylock's petition but retained jurisdiction to resolve the motion for sanctions. At the sanctions hearing, the court found that Burns violated Rule 9011(b)(2) by having made "a legal determination that the petition can be filed," even though there was "no evidence that [Haylock] actually came within [the] exception" provided by § 109(h)(3). It was uncontested that Burns obtained only Haylock's assurance that she had sought credit counseling, not that she had communicated with "an approved agency." Burns maintained that "the case law is divergent" as to whether satisfying § 109(h)(3) requires a debtor to seek credit counseling from an approved agency before petitioning and that "[s]ome cases have said . . . that some attempt to get credit counseling within the time parameters is sufficient." The bankruptcy court dismissed the motion as against the debtor, but granted it as against Burns.

After the Trust filed a statement computing fees and expenses allegedly incurred by reason of the bankruptcy filing, Burns filed a response, renewing his argument that sanctions under Rule 9011(b)(2) were improper. He pointed to *In re Meza*, No. 2:06-cv-1307, 2007 U.S. Dist. LEXIS 48430 (E.D. Cal. June 25, 2007) (unreported), as authority for the proposition that credit counseling requested from a non-accredited agency could satisfy the requirements of § 109(h). He argued:

> The question of whether the credit counseling agency must be a compliant agency or a non-compliant agency . . . is the subject of varied opinions. In the case of *In re Meza* . . . a debtor who visited a . . . non-accredited agency[] well in excess of 180 days prior to her petition date was found to have been in compliance with her credit counseling obligations under Section 109(h)

> because of her 'substantial compliance' with the requirements of 11 U.S.C. Section 109(h), permitting the underlying bankruptcy court to forego analysis of any waiver request. In short, visiting some private company and attempting some measure of debt counseling was found to meet the call of a debtor's obligations.

As we shall see, this is a correct summation of *In re Meza*.

After a hearing to consider the Trust's calculation of sanctions and Burns's response, the court issued an Interim Memorandum Decision rejecting Burns's renewed challenge. It said that a request to a non-accredited agency could never satisfy § 109(h)(3) and that arguments to the contrary were legally frivolous:

> The debtor's counsel's obligation was to advise the debtor that, because she had made no request for prepetition credit counseling from an approved agency, she was ineligible to file a petition and to decline to file a petition on her behalf unless and until she could satisfy § 109(h).

The bankruptcy court said that *Meza* was "open to possible criticism, but even if . . . correctly decided . . . only hold[s] that when some error regarding compliance with § 109(h)(3) has occurred due to negligence, the court has discretion to permit the case to remain pending."

After Burns and the Trust agreed that an appropriate figure for sanctions would be $2000, the court issued a Final Memorandum Decision expunging a finding of bad faith that it had made in the Interim Memorandum Decision, fixing the amounts of sanctions at the agreed sum, and further explaining the basis of its ruling:

> [Counsel's] good faith . . . does not alter the correctness of the conclusion in the Interim Memorandum Decision that the petition was not well-founded as a matter of law because of the debtor's ineligibility under § 109(h) and that the creditor was thus entitled to Rule 9011 sanctions.

Burns appealed to the district court, which tersely affirmed; he then appealed. The Trust did not oppose Burns in the district court and does not do so here.

Sanctions for violation of Federal Rule of Civil Procedure 11(b) are reviewable for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). Such an abuse occurs if a court relies "on a materially incorrect view of the relevant law in determining that" an attorney's position was legally frivolous. *Id*. at 402. See also *Lucas v Duncan*, 574 F.3d 772, 775 (D.C. Cir. 2009). Rule 11(b) of the Federal Rules of Civil Procedure and Rule 9011(b) are identical in all material respects, and at least on this issue nothing in the context suggests any reason to treat sanctions differently as between the two.

In awarding sanctions, the bankruptcy court relied on the proposition that "§ 109(h)(3)(A), when read in the context of § 109(h) as a whole, cannot in any fashion be read to support" an interpretation that a petition may be filed without the filer's having made a request from an approved credit counseling agency. That is one interpretation of the statute; certainly it appears literally correct, and perhaps it will prove ultimately "correct" in the sense of receiving the Supreme Court's blessing or emerging as the unanimous opinion of the circuits. But counsel's reliance on a contrary view would be frivolous for purposes of Rule 11 sanctions only if "it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified." *In re Sargent*, 136 F.3d 349, 352 (4th Cir. 1998) (brackets and ellipses deleted).

The Advisory Committee Notes on the most recent amendments of Rule 11 caution that "the extent to which a litigant has researched the issues and found some support for its theories *even in minority opinions, in law review articles, or through consultation with other attorneys* should certainly be taken into account in determining whether [11(b)(2)] has been violated." Fed. R. Civ. Pro. 11, Advisory Committee's Note (1993 Amendments) (emphasis added). Here we need not face when or how aggressively counsel can "swim upstream against the current of stare decisis," *Gurary v. Winehouse*, 235 F.3d 792, 799 (2nd Cir. 2000), asserting theories rejected by the circuit or the Supreme Court. Burns faced no such preclusive authority, and his position had support in the *Meza* case, which he brought to the judge's attention.

In *Meza*, the debtor filed for Chapter 7 relief after having received credit counseling from a non-approved agency. *In re Meza*, 2007 U.S. Dist. LEXIS 48430 at *1. The United States Trustee "moved to dismiss the filing due to Meza's failure to obtain pre-petition credit counseling and properly file a certificate regarding the same, as required by § 109(h)." *Id*. The bankruptcy court dismissed the motion, finding that the debtor had "substantially complied" with the requirements of § 109(h). *Id*. at *2. On appeal, the district court affirmed. It acknowledged that "the counseling was provided by an un-approved service and was received more than 180 days prior to filing," but it looked to the substance of the counseling. Finding that the counseling had "resulted in the type of debt repayment contemplated by Congress" and that the bankruptcy court had been satisfied with the petition "in general" and with Meza's continued counseling post-petition, it held that it could not "determine, as it must to warrant reversal on appeal, that the bankruptcy court's finding of substantial compliance with eligibility requirements constituted clear error." *Id*. at *4.

Contrary to the bankruptcy court's description, *Meza* does not "hold that when some error regarding compliance with § 109(h)(3) has occurred due to negligence, the court has discretion to permit the case to remain pending." Nothing in *Meza* turned on negligence. Instead, *Meza* held that § 109(h)(1) could be satisfied through substantial compliance even though the debtor never sought credit counseling from an approved agency. By holding that counseling with an unapproved agency can satisfy § 109(h)(1), *Meza* supports Burns's position that *requesting* counseling from such an agency can satisfy § 109(h)(3). The bankruptcy court's view of the law—in the sense of the array of interpretations accepted by courts—was therefore mistaken, and its award of sanctions an abuse of discretion.

## Conclusion

We reverse the district court's affirmance of sanctions and remand for proceedings consistent with this opinion.

*So ordered.*